# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLEVELAND LEE, SR.,

    Petitioner,

v.

JON E. LITSCHER,

    Respondent.

Case No. 18-CV-344-JPS

**ORDER**

In 2005, Petitioner was charged with a litany of felonies. (Docket #1 at 2). He was found guilty of those crimes by a jury and was sentenced to seven years' confinement, to be followed by six years' supervised release. *Id.* On March 6, 2018, Petitioner filed the instant petition for a writ of habeas corpus. At that time, he was serving the supervision portion of his sentence. Petitioner alleged that a change in Wisconsin law improperly delayed his release from supervision. *Id.* at 6–8.

As of the date of this Order, Petitioner has been released from supervision and is no longer subject to any form of custody by the State of Wisconsin. "A petition for a writ of habeas corpus becomes moot after the petitioner is released from custody unless the petitioner will suffer sufficient collateral consequences from the feature of his custody that he is challenging." *Weiss v. Ind. Parole Bd.*, 230 F. App'x 599, 601 (7th Cir. 2007). Petitioner does not allege any collateral consequences; all he wanted was to be released from supervision. Now that this has come to pass, the instant petition is rendered moot. It will, therefore, be denied as such.

Accordingly,

**IT IS ORDERED** that Petitioner Cleveland Lee, Sr.'s petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge